IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| ELISA A. BOSTIC and<br><br>Plaintiff,<br><br>v.<br><br>NIAGARA CREDIT SOLUTIONS, INC.<br>and MERCANTILE ADJUSTMENT<br>BUREAU, LLC,<br><br>Defendants. | Case No. 3:12-cv-_____ |

## VERIFIED COMPLAINT

Plaintiff, ELISA A. BOSTIC., by and through counsel, for her Verified Complaint against Defendants, NIAGARA CREDIT SOLUTIONS, INC. ("Niagara") and MERCANTILE ADJUSTMENT BUREAU, LLC ("Mercantile") hereby alleges and says as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is an individual who was at all relevant times residing in Charlotte, North Carolina.

2. Plaintiff is a "consumer" as defined both in 15 U.S.C. § 1692a(3), and N.C. Gen. Stat. § 75-50.

3. Upon information and belief, Defendant Niagara is a corporation organized and existing under the laws of the state of New York and maintains its principal place of business in Williamsville, New York.

4. Upon information and belief, Defendant Mercantile is a limited liability company organized and existing under the laws of the state of New York and maintains its principal place of business in Williamsville, New York.

5. At all relevant times, Defendants acted as "debt collectors" within the meaning of 15 U.S.C. § 1692a(3) and N.C. Gen. Stat. § 75-50(3), in that they held themselves out to be companies collecting a consumer debt or debts allegedly owed by Plaintiff.

6. Jurisdiction is proper pursuant to 28 U.S.C. § 1331, because this case arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*; and pursuant to 28 U.S.C. § 1367(a) because Plaintiff's claims under the North Carolina Debt Collection Act, N.C. Gen. Stat. § 75-50, *et seq.* are so related to the federal claim that they form part of the same case or controversy.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events giving rise to the claim occurred within this District.

## FACTUAL BACKGROUND

8. Plaintiff realleges and incorporates herein by reference the preceding allegations of this Complaint.

9. On June 19, 1996, Plaintiff and her husband, Robert Bostic, filed a voluntary petition for Chapter 11 bankruptcy, which was subsequently converted to a Chapter 7 proceeding.

10. Upon information and belief, Plaintiff scheduled any and all prepetition debts which may have been owed to First Deposit National Bank and/or its purported successor in interest Providian Bank, NA (hereinafter "Original Creditor") in connection with her bankruptcy filing.

11. Upon information and belief, Original Creditor received actual or constructive notice of the bankruptcy filing.

12. On November 24, 1997, Judge George Hodges, a United States Bankruptcy Judge in the Western District of North Carolina, issued a discharge order in Plaintiff's Chapter 7 bankruptcy case, a copy of which is attached as Exhibit A and incorporated by reference ("the Discharge").

13. The Discharge released Plaintiff from all prepetition debts and enjoined creditors from engaging in any act to collect the discharged debts.

14. On or about November 26, 1997, the Discharge was served upon Original Creditor. A copy of the Certificate of Service is attached as Exhibit B and incorporated by reference.

15. On or about January 7, 2011, Plaintiff received a letter from Mercantile, demanding payment of a debt allegedly owed by Plaintiff (the "Mercantile Letter").

16. The Mercantile Letter demanded payment of debts owed to Original Creditor which were discharged in Plaintiff's bankruptcy.

17. Upon information and belief, Mercantile sent the Mercantile Letter in bad faith, with actual or constructive knowledge that Plaintiff was not obligated to pay the debt demanded in the Mercantile Letter.

18. On or about September 29, 2011, Plaintiff Elisa Bostic received a letter from Niagara, demanding payment of the same debt allegedly owed by Plaintiff. A copy of the letter is attached as Exhibit C (the "Niagara Letter")

19. The Niagara Letter demanded payment of debts owed to Original Creditor which were discharged in Plaintiff's bankruptcy.

20. Upon information and belief, Niagara sent the Niagara Letter in bad faith, with actual or constructive knowledge that Plaintiff was not obligated to pay the debt demanded in the Niagara Letter.

# FIRST CLAIM FOR RELIEF
## (Violation of the Fair Debt Collection Practices Act)

21. Plaintiff realleges and incorporates herein by reference the preceding allegations of this Complaint.

22. As described above, Niagara violated the Fair Debt Collection Practices Act in one or more of the following ways:

   a. By falsely representing the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A);

   b. By threatening to take action that could not be legally taken, in violation of 15 U.S.C. § 1692e(2)(A);

   c. By using a false representation or deceptive means to attempt to collect the alleged debt, in violation of 15 U.S.C. § 1692e(10); and

   d. By acting in an otherwise deceptive, unfair and unconscionable manner.

23. As described above, Mercantile violated the Fair Debt Collection Practices Act in one or more of the following ways:

   a. By falsely representing the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A);

   b. By threatening to take action that could not be legally taken, in violation of 15 U.S.C. § 1692e(2)(A);

   c. By using a false representation or deceptive means to attempt to collect the alleged debt, in violation of 15 U.S.C. § 1692e(10); and

   d. By acting in an otherwise deceptive, unfair and unconscionable manner.

24. As a result of Defendants' violations as aforesaid, Plaintiff has suffered and continues to suffer actual damages in an amount to be determined by jury in this matter.

## SECOND CLAIM FOR RELIEF
### (Violation of the North Carolina Debt Collection Act)

25. Plaintiff realleges and incorporates herein by reference the preceding allegations of this Complaint.

26. In its attempts to collect the aforementioned alleged debt, Niagara violated the NCDCA in one or more of the following ways:

   a. By falsely representing the amount of the debt, in violation of N.C. Gen. Stat. § 75-54(4);

   b. By threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of N.C. Gen. Stat. § 75-54(8);

   c. By using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt, in violation of N.C. Gen. Stat. § 75-54;

   d. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the NCDCA.

27. In its attempts to collect the aforementioned alleged debt, Mercantile violated the NCDCA in one or more of the following ways:

   a. By falsely representing the amount of the debt, in violation of N.C. Gen. Stat. § 75-54(4);

   b. By threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of N.C. Gen. Stat. § 75-54(8);

   c. By using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt, in violation of N.C. Gen. Stat. § 75-54;

   d. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the NCDCA.

28. As a result of Defendants' violations as aforesaid, Plaintiff have suffered and continue to suffer actual damages in an amount to be determined by jury in this matter.

**WHEREFORE**, Plaintiff respectfully pray that the Court:

A. Award Plaintiff compensatory damages against Defendants in an amount to be determined at trial;

B. Award Plaintiff statutory damages of $1,000.00 from each Defendant for each violation of the FDCPA;

C. Award Plaintiff civil penalties in an amount not less than $500.00 from each Defendant for each violation of the NCDCA;

D. Award Plaintiff's costs incurred in bringing this action;

E. Award Plaintiff her reasonable attorneys' fees incurred in bringing this action to the full extent permitted by law; and

F. Grant such other and further relief as the Court deems just and proper.

This the 6th day of January, 2012

RAYBURN COOPER & DURHAM, P.A.

s/Daniel J. Finegan
Daniel J. Finegan
N.C. State Bar No. 36754
Michelle E. Earp
N.C. State Bar No. 42798
227 W. Trade Street, Suite 1200
Charlotte, NC 28202
(704) 334-0891 (telephone)
(704) 377-1897 (facsimile)

*Attorneys for Plaintiff*

## VERIFICATION

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

      BEFORE ME, Elisa A. Bostic, being first duly sworn, deposes and says that she is the Plaintiff in this action, and in such capacity has the authority to verify this Complaint; that she has personal knowledge of the events alleged in the above-captioned action; that she has read the foregoing Complaint and knows the contents thereof; and that the same are true of her own knowledge except as to those matters therein stated upon information and belief, and as to those matters, she believes them to be true.

*Elisa A. Bostic* (signature)
Elisa A. Bostic

Sworn to and subscribed before me
this 10th day of January, 2012.

*(signature)*
Notary Public
My Commission expires: May 2, 2012
The said Elisa A. Bostic:

_____ Is personally known to me; or
__X__ Has provided __NC DL__
as identification